**GARDY & NOTIS, LLP**
James S. Notis
Jennifer Sarnelli
Charles A. Germershausen
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: 201-567-7377
Fax: 201-567-7337

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
Elaine Chang
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: 310-201-9150
Fax: 310-201-9160

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT KRANZLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERCLOUD SYSTEMS, INC. and MARK E. MUNRO,<br><br>Defendants. | No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Scott Kranzler ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by InterCloud Systems, Inc. ("InterCloud" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by InterCloud; and (c) review of other publicly available information concerning InterCloud.

## NATURE OF THE ACTION AND OVERVIEW

1.     This is a class action on behalf of purchasers of InterCloud's securities between November 5, 2013 and March 17, 2014, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.     InterCloud is a global single-source provider of value-added services for both corporate enterprises and service providers.  The Company offers cloud and managed services, professional consulting services and voice, data and optical solutions to assist its customers in meeting their changing technology demands.

3.      On March 13, 2014, Richard Pearson published an article entitled, "Behind The Scenes With Dream Team, CytRx And Galena" on *SeekingAlpha.com*.  The article accused the stock promoter the Dream Team Group ("Dream Team") of attempting to hire the author to write paid promotional articles about the companies CytRx And Galena, without disclosing payment.  The article provided detailed emails and attachments indicating that management of these two companies were intimately involved in reviewing and editing the paid articles on their own stock, and were well aware that the articles failed to disclose the paid marketing relationship.  The article alleges that the Dream Team's promotional campaign used multiple aliases on third party websites, sometimes pretending to be hedge fund managers touting the stock.  The article revealed that aliases used by Dream Team employees or their paid promoters were the same as ones used to promote InterCloud.

4.      On this news, shares of InterCloud declined $1.19 per share, over 9%, to close at $11.91 per share on March 13, 2014, on unusually heavy volume.

5.      On March 17, 2014, journalist Roddy Boyd published an article after hours entitled "The Copper Archipelago: InterCloud" highly critical of InterCloud. In addition, the article revealed that positive articles about InterCloud were likely Dream Team-related paid promotions.  The article also revealed that Lawrence

Sands, Senior Vice President and Corporate Secretary of InterCloud, may have received emails from Dream Team, although he claimed they were spam.

6.     On this news, shares of InterCloud declined $1.28 per share, nearly 11%, to close at $10.59 per share on March 18, 2014, on unusually heavy volume.

7.     Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company had hired a promoter to boost its share price; (2) that the promoter had posted misleading articles on behalf of the Company without properly disclosing its paid marketing relationship; and (3) that, as a result of the above, the Company's statements were materially false and misleading at all relevant times.

8.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C.§§78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

11.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the preparation and dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. Additionally, InterCloud's principle executive offices are located within this Judicial District.

12.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## THE PARTIES

13.     Plaintiff Scott Kranzler, as set forth in the accompanying certification, incorporated by reference herein, purchased InterCloud common stock during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

14.     Defendant InterCloud is a Delaware corporation with its principal executive offices located at 331 Newman Springs Road, Building 1, Suite 104, Red Bank, New Jersey, 07701.

15.     Defendant Mark E. Munro ("Munro") was, at all relevant times, Chief Executive Officer ("CEO") and a director of InterCloud.

16.     Defendant Munro is referred to as the "Individual Defendant."  The Individual Defendant, because of his position with the Company, possessed the power and authority to control the contents of InterCloud's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market.  Defendants Munro was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of his position and access to material non-public information available to them, Defendants Munro knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.

## SUBSTANTIVE ALLEGATIONS

### *Background*

17.     InterCloud is a global single-source provider of value-added services for both corporate enterprises and service providers.  The Company offers cloud and managed services, professional consulting services and voice, data and optical solutions to assist its customers in meeting their changing technology demands.

18.     Under the direction of the Company and Defendant Munro, DreamTeam, and MissionIR began to tout the Company's stock throughout the Class Period.

19.     The purpose of the promotional campaign was to raise additional capital, increase shareholder value, and raise visibility to the capital market.

20.     Together with their affiliates, DreamTeam and MissionIR conducted a massive promotional campaign, which included dozens of published articles or news reports and various statements made through DreamTeam and MissionIR outlets, as well as third-party sites.

21.     The articles did not disclose that they were authored by paid promoters under the Company's direction, or that any financial relationship existed between the authors and the Company.

22.     Articles by the DreamTeam's paid authors Tom Meyer and John Mylant caused the price of the Company's stock to quadruple.

**_Materially False and Misleading Statements Issued During the Class Period_**

23.    The Class Period begins on November 5, 2013.  On this date, the Company issued a press release entitled, "InterCloud Systems, Inc. Announces Closing of Public Offering of Common Stock and Warrants to Purchase Common Stock."  Therein, the Company, in relevant part, stated:

> InterCloud Systems, Inc. (Nasdaq:ICLD) announced today that it has closed its previously announced underwritten public offering of 1,250,000 shares of its common stock at a price to the public of $4.00 per share and warrants to purchase up to an aggregate of 625,000 shares of common stock, with an exercise price of $5.00 per share. In addition, the underwriter exercised its over-allotment option to purchase an additional 93,750 warrants to purchase an additional 93,750 shares of common stock.  InterCloud received gross proceeds from the offering, before deducting underwriting discounts and commissions and other estimated offering expenses payable by InterCloud, of approximately $5 million.

> InterCloud will use the net proceeds from the offering for working capital and general corporate purposes.

> Aegis Capital Corp. acted as the sole book-running manager for the offering.

24.    On March 13, 2014, Richard Pearson published an article entitled, "Behind The Scenes With Dream Team, CytRx And Galena" on _SeekingAlpha.com_.  The article accused the stock promoter the Dream Team Group ("Dream Team") of attempting to hire the author to write paid promotional articles about the companies CytRx and Galena, without disclosing payment.  The article provided detailed emails and attachments indicating that management of these two

companies were intimately involved in reviewing and editing the paid articles on their own stock, and were well aware that the articles failed to disclose the paid marketing relationship. The article alleges that the Dream Team's promotional campaign used multiple aliases on third party websites, sometimes pretending to be hedge fund managers touting the stock. The article revealed that aliases used by Dream Team employees or their paid promoters were the same as ones used to promote InterCloud.

25. On this news, shares of InterCloud declined $1.19 per share, over 9%, to close at $11.91 per share on March 13, 2014, on unusually heavy volume.

26. The statement in the November 5, 2013 press release was materially false and/or misleading when made because defendants failed to disclose or indicate the following: (1) that the Company had hired a promoter to boost its share price; (2) that the promoter had posted misleading articles on behalf of the Company without properly disclosing its paid marketing relationship; and (3) that, as a result of the above, the Company's statements were materially false and misleading at all relevant times.

## *Disclosures at the End of the Class Period*

27. On March 17, 2014, journalist Roddy Boyd published an article after hours entitled "The Copper Archipelago: InterCloud" highly critical of InterCloud. In addition, the article revealed that positive articles about InterCloud were likely

Dream Team-related paid promotions. The article also revealed that Lawrence Sands, Senior Vice President and Corporate Secretary of InterCloud, may have received emails from Dream Team, although he claimed they were spam.

28. On this news, shares of InterCloud declined $1.28 per share, nearly 11%, to close at $10.59 per share on March 18, 2014, on unusually heavy volume.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all those who purchased InterCloud's securities between November 5, 2013 and March 17, 2014, inclusive (the "Class Period") and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

30. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, InterCloud's securities were actively traded on the NASDAQ Stock Market ("NASDAQ"). While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Millions of InterCloud

shares were traded publicly during the Class Period on the NASDAQ.  As of November 3, 2013, InterCloud had 6,407,014 shares of common stock outstanding. Record owners and other members of the Class may be identified from records maintained by InterCloud or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

31.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

32.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

33.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)    whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)    whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of InterCloud; and

(c)   to what extent the members of the Class have sustained damages and the proper measure of damages.

34.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## **UNDISCLOSED ADVERSE FACTS**

35.   The market for InterCloud's securities was open, well-developed and efficient at all relevant times.   As a result of these materially false and/or misleading statements, and/or failures to disclose, InterCloud's securities traded at artificially inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired InterCloud's securities relying upon the integrity of the market price of the Company's securities and market information relating to InterCloud, and have been damaged thereby.

36.   During the Class Period, Defendants materially misled the investing public, thereby inflating the price of InterCloud's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts

necessary to make Defendants' statements, as set forth herein, not false and/or misleading. Said statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about InterCloud's business, operations, and prospects as alleged herein.

37. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about InterCloud's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

38. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

39.     During the Class Period, Plaintiff and the Class purchased InterCloud's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## DEFENDANTS ACTED WITH SCIENTER

40.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding InterCloud, his/her control over, and/or receipt and/or modification of InterCloud's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning InterCloud, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

41.    The market for InterCloud's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, InterCloud's securities traded at artificially inflated prices during the Class Period.  On December 31, 2013, the Company's stock closed at a Class Period high of $19.39 per share.   Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of InterCloud's securities and market information relating to InterCloud, and have been damaged thereby.

42.    During the Class Period, the artificial inflation of InterCloud's stock was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.   As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about InterCloud's business, prospects, and operations.   These material misstatements and/or omissions created an unrealistically positive assessment of InterCloud and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company stock.   Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other

members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

43.    At all relevant times, the market for InterCloud's securities was an efficient market for the following reasons, among others:

(a)    InterCloud stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)    as a regulated issuer, InterCloud filed periodic public reports with the SEC and/or the NASDAQ;

(c)    InterCloud regularly communicated with public investors *via* established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)    InterCloud was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.   Each of these reports was publicly available and entered the public marketplace.

44.    As a result of the foregoing, the market for InterCloud's securities promptly digested current information regarding InterCloud from all publicly available sources and reflected such information in InterCloud's stock price. Under these circumstances, all purchasers of InterCloud's securities during the Class Period suffered similar injury through their purchase of InterCloud's securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

45.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions.  In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the

forward-looking statement was authorized or approved by an executive officer of InterCloud who knew that the statement was false when made.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Promulgated Thereunder (Against All Defendants)

46.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase InterCloud's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

48.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for InterCloud's securities in violation of Section 10(b) of the

Exchange Act and Rule 10b-5.   All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

49.   Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about InterCloud's financial well-being and prospects, as specified herein.

50.   These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of InterCloud's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about InterCloud and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

51.     The Individual Defendant's primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendant was a high-level executive and/or director at the Company during the Class Period and a member of the Company's management team or had control thereof; (ii) the defendant, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) the defendant enjoyed significant personal contact and familiarity with and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) the defendant was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

52.     The Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing InterCloud's financial well-being and prospects from the investing

20

public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

53.   As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of InterCloud's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired InterCloud's securities during the Class Period at artificially high prices and were damaged thereby.

54.   At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be

true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that InterCloud was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their InterCloud securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

55.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

56.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of the Exchange Act
### (Against the Individual Defendant)

57.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

58.    The Individual Defendant acted as controlling persons of InterCloud within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of his high-level position, and his ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate

knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendant had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.   The Individual Defendant was provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

59.   In particular, the Defendant had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

60.   As set forth above, InterCloud and the Individual Defendant each violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint.   By virtue of his position as controlling persons, the Individual Defendant is liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of

the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.   Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.   Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.   Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.   Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 28, 2014

**GARDY & NOTIS, LLP**

By: _s/ Charles A. Germershausen_____
     James S. Notis
     Jennifer Sarnelli
     Charles A. Germershausen
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: 201-567-7377
Fax: 201-567-7337

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
Elaine Chang
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: 310-201-9150
Fax: 310-201-9160

*Attorneys for Plaintiff*