UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT KRANZLER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>INTERCLOUD SYSTEMS, INC., and MARK E. MUNRO,<br><br>*Defendants.* | Civil Action No. 14-1982 (PGS) (DEA)<br><br><br>**ORDER ON PLAINTIFFS' MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS** |
| ANDREW SWENSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>INTERCLOUD SYSTEMS, INC., MARK MUNRO, and DANIEL J. SULLIVAN,<br><br>*Defendants.* | Civil Action No. 14-2072 (PGS) (TJB)<br><br><br>**ORDER ON PLAINTIFFS' MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS** |

**WHEREAS**, this matter comes before the Court on Proposed Lead Plaintiffs Louis Lomartra, Charles R. Gilbert, Jr., the Traversari Group, and Quantx Management, LLP's separate Motions for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel (ECF Nos. 10, 12-13 in No. 14-cv-1982-PGS-DEA; ECF Nos. 13, 15-17 in No. 14-cv-2072-PGS-TJB); and

**WHEREAS**, there are two related securities class actions pending before this Court against InterCloud Systems, Inc. ("InterCloud"), certain of its officers, and stock promoters brought on behalf of all those who purchased InterCloud securities between November 5, 2013 and March 17, 2014 alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.* and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5: (1) *Kranzler v. InterCloud Sys., Inc.*, No. 14-cv-1982-PGS-DEA, filed March 28, 2014; and *Swenson v. InterCloud Sys., Inc.*, No. 14-cv-2072-PGS-TJB, filed April 1, 2014; and

**WHEREAS**, the PSLRA provides that a motion for consolidation should be considered by the district court before deciding motions for the appointment of lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (stating that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title . . . has been filed, and any party has sought to consolidate those actions for pretrial or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered."); and

**WHEREAS**, pursuant to FED. R. CIV. P. 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."; *see also Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 104 n.3 (3d Cir. 1988) (stating that consolidation is appropriate where there are actions involving common questions of law or fact); and

**WHEREAS**, the PSLRA also makes provision for the consolidation of securities class actions centered on the same set of facts and legal issues. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see*

also *In re Sterling Fin. Corp. Sec. Class Action*, 2007 U.S. Dist. LEXIS 93708, at *6-7 (E.D. Pa. Dec. 21, 2007); and

**WHEREAS**, "in deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (citing *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)); and

**WHEREAS**, if there is no articulated basis to assert confusion or prejudice, consolidation is generally appropriate. *See Fass*, 216 F.R.D. at 570-71; *In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2011); and

**WHEREAS**, the related securities actions before this Court involve common questions of law and fact, assert the same claims under the securities laws, and name similar defendants; and the maintenance of separate actions may result in the waste of judicial resources and create administrative confusion for both the Court and the parties. *See, e.g., In re Sterling Fin. Corp. Sec. Class Action*, 2007 U.S. Dist. LEXIS 93708 at *7; and

**WHEREAS**, the Court finds that consolidation of the actions pursuant to FED. R. CIV. P. 42(a) would facilitate the administration of justice and promote judicial economy, and would not result in the creation of any foreseeable prejudice. *See Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000); and the Court having held a scheduling conference in this matter on June 9, 2014 during which all parties did not object to consolidation; and for good cause shown;

**IT IS**, on this 11th day of June, 2014, **HEREBY ORDERED THAT**:

## I. CONSOLIDATION

1. Pursuant to FED. R. CIV. P. 42(a) and § 78u-4(a)(3)(B)(ii) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the above-captioned actions are consolidated for all purposes into one action (the "Consolidated Action").

2. This Order shall apply to the Consolidated Action and to each case that relates to the same subject matter as the Consolidated Action that is subsequently filed in or transferred to this Court and consolidated with the Consolidated Action.

3. Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re INTERCLOUD SYSTEMS, INC. SECURITIES LITIGATION | Master Docket No. 3:14-cv-1982 (PGS) (DEA) |
| THIS DOCUMENT RELATES TO: [insert] | [TITLE OF DOCUMENT] |

4. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

5. The Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case that might properly be consolidated as part of this Consolidated Action.

## II.   MASTER DOCKET AND MASTER FILE

1. A Master Docket and Master File shall be established for this Consolidated Action. The Master File shall be No. 3:14-cv-1982-PGS-DEA.

2. All pleadings, orders, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent possible. When a pleading, order, motion or document is filed with a caption indicating that it applies to some, but not all, of the actions, as provided in Section I, ¶ 4 of this Order, the Clerk shall file such pleading, order, motion or document in the Master File and note such filing in the Master Docket and in the docket of each action indicated.

## III.   NEWLY-FILED OR TRANSFERRED ACTIONS

1. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred to this Court, the Clerk of the Court shall:

   a. file a copy of this Order in the separate file for such action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

   c. make the appropriate entry in the Docket for the Consolidated Action.

2. Each new case that arises out of the subject matter of the Consolidated Action that is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objecting to this Order or any provision therein files, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed

as a waiver of the Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

Date: June 11, 2014

PETER G. SHERIDAN, U.S.D.J.