UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INTERCLOUS SYSTEMS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Civil Action No. 14-cv-01982 (PGS)(DEA)<br><br>**MEMORANDUM AND ORDER** |

**WHEREAS**, this matter having come before the Court on Movant Charles R. Gilbert, Jr.'s ("Gilbert") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (ECF 12), in which Gilbert seeks an Order of this Court appointing him as lead plaintiff with respect to the related actions pending before this Court, and approving his selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel, and Cohn Lifland Pearlman Herrmann & Knopf LLP to serve as Liason Counsel with respect to the pending actions;[1] and

**WHEREAS**, Gilbert argues, in support of his motion that he be appointed lead plaintiff, that he is the movant with the largest financial interest in the litigation that also meets the typicality and adequacy prongs of Federal Rule of Civil Procedure 23; *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Sec. Litig.*, 265 F.3d 201, 263 (3d Cir. 2001); and

---

[1] There were, initially, five motions filed in which various movants sought appointment as Lead Plaintiff with respect to the related actions pending before the Court. Movant Scott Krankler withdrew his motion on June 6, 2014 (ECF 15); movant Traversari Group effectively withdrew its application for appointment as lead plaintiff, acknowledging, in its responsive brief filed June 23, 2014 (ECF 21), that it "does not possess the largest financial interest in the relief sought by the class and, therefore, does not qualify for the [Private Securities Litigation Reform Act]'s presumption of adequacy"; for similar reasons, movant Louis Lomartra ("Lomartra") withdrew his application for appointment as lead plaintiff on June 30, 2014 (ECF 25). Accordingly, the only remaining movants seeking appointment as lead plaintiff are Gilbert and QuantX Management LLP ("QuantX").

**WHEREAS**, Movant QuantX opposes Gilbert's motion, and further contends that it is the presumptive lead plaintiff on the ground that it suffered the largest financial loss as a result of the underlying misconduct alleges, and satisfies the typicality and adequacy prongs of Federal Rule of Civil Procedure 23; and

**WHEREAS**, the typicality analysis to be undertaken by the Court, both at the lead plaintiff stage and, later, at class certification, requires that the Court weigh whether the presumptive lead plaintiff's circumstances "are markedly different or the legal theory upon which the claims of that movant are based differed from that upon which the claims of other class members will perforce be based," *Cendant*, 264 F.3d at 265; and

**WHEREAS**, the Court finds that substantial questions impinging upon the Court's typicality analysis are presented by QuantX's seemingly unique trading strategy, which incorporates, among other things, an algorithmic trading approach, complex mathematical formulae, and other mechanisms and methodologies that do not rely, as the majority of individual lay investors do, on information made available to the public intended to influence investor decisionmaking; and

**WHEREAS**, the Court finds that QuantX's unique trading strategy renders it susceptible to unique defenses that may threaten to become the focus of the litigation, thereby rendering QuantX atypical of the class; and

**WHEREAS**, the Court concludes that, although Gilbert engaged in a large volume of transactions during the relevant time period, such activity, without more, is insufficient to support a finding that Gilbert fails to satisfy the typicality and adequacy prongs of Federal Rule of Civil Procedure 23; and

**WHEREAS**, the Court concludes that Gilbert is the movant with the largest financial interest in the litigation that also satisfies the typicality and adequacy prongs of Federal Rule of Civil Procedure 23;

**IT IS** on this 3rd day of November, 2014,

**ORDERED** that Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (ECF 12) shall be, and hereby is, GRANTED; Robbins Geller Rudman & Dowd LLP shall serve as Lead Counsel, and Cohn Lifland Pearlman Herrmann & Knopf LLP shall serve as Liason Counsel with respect to the pending actions; and it is further

**ORDERED** that QuantX's application for appointment as lead plaintiff shall be, and hereby is, DENIED; and it is further

**ORDERED** that movants Lomartra's and Traversari Group's Motions to Appoint Lead Plaintiff, Counsel and Liaison Counsel (ECF 10, 13) shall be, and hereby are, DISMISSED as moot.

**DATED**: November 3, 2014

_____
PETER G. SHERIDAN, U.S.D.J.