COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INTERCLOUD SYSTEMS, INC. SECURITIES LITIGATION | Master Docket No. 3:14-01982-PGS-DEA |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | STIPULATION OF SETTLEMENT |

This Stipulation of Settlement, dated July 26, 2017 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Charles R. Gilbert, Jr. (on behalf of himself and each of the Class Members), by and through his counsel of record in the Litigation; and (ii) InterCloud Systems, Inc. ("InterCloud" or the "Company") and Mark E. Munro (together, "Defendants"), by and through their counsel of record in the Litigation.[1]  Lead Plaintiff and Defendants are referred to herein as the "Settling Parties."  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION

The Litigation is pending before the Honorable Peter G. Sheridan in the United States District Court for the District of New Jersey (the "Court").   The initial complaint in this action was filed on March 28, 2014.  On November 5, 2014, the Court appointed Lead Plaintiff and Lead and Liaison Counsel.

Lead Plaintiff alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 by disseminating false and misleading analyst reports into the market concerning the Company's growth prospects, which were

---

[1]      All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

actually paid for by the Company, and first approved by InterCloud's management, without investors' knowledge.

On January 9, 2015, Lead Plaintiff filed his Amended Consolidated Class Action Complaint ("Amended Complaint"). Defendants filed their motion to dismiss the Amended Complaint on January 30, 2015. Lead Plaintiff filed his Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") on February 20, 2015. Defendants filed their motion to dismiss the Second Amended Complaint on March 13, 2015, and Lead Plaintiff filed his opposition to the motion on April 7, 2015, and Defendants filed their reply on April 21, 2015. On October 29, 2015, the Court issued its order denying Defendants' motion to dismiss, and Defendants answered the Second Amended Complaint on December 18, 2015.

On June 1, 2016, Lead Plaintiff filed his motion for class certification; Defendants filed their opposition on August 2, 2016; and Lead Plaintiff filed his reply on September 1, 2016. Oral argument on the motion was held on January 12, 2017.

In an effort to conserve judicial resources and attempt to settle the Litigation, the parties engaged the services of Hunter R. Hughes, Esq., a nationally recognized mediator. The parties prepared detailed mediation statements and engaged in a full-day in-person mediation session with Mr. Hughes on December 14, 2016. After several months of additional negotiations, these efforts culminated with the parties

- 2 -

agreeing to settle the Litigation on June 22, 2017, for $2,700,000, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under §§10(b) or 20(a) of the Securities Exchange Act of 1934.  Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiff in the Litigation, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation.  Defendants have determined that it is

- 3 -

desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports his claims.  However, Lead Plaintiff and his counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiff and his counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and his counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Lead Plaintiff and his counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiff and his counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Class Members) and Defendants, by and

- 4 -

through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.    Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased or otherwise acquired InterCloud publicly traded common stock between December 3, 2013 and March 27, 2014, inclusive.  Excluded from the Class are:  Defendants, the officers and directors of InterCloud during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class is any Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

1.4    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5    "Class Period" means the period from December 3, 2013 through March 27, 2014, inclusive.

1.6    "Defendants" means InterCloud and Mark E. Munro.

1.7    "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.9    "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur:  (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the final determination of that motion or appeal such that no further judicial review or appeal is permitted, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement,

- 6 -

substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to attorneys' fees and expenses, the Plan of Allocation, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.10   "Immediate Family" with respect to Defendant Munro means any spouse, domestic partner, parent, step-parent, grandparent, child, step-child, grandchild, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, and any other person (other than a tenant or employee) sharing the household of Defendant Munro.

1.11   "Judgment" means the Order and Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.13   "Lead Plaintiff" means Charles R. Gilbert, Jr.

1.14   "Lead Plaintiff's Counsel" means any attorney or firm who has appeared in the Litigation on behalf of Lead Plaintiff.

- 7 -

1.15   "Liaison Counsel" means Cohn Lifland Pearlman Herrmann & Knopf LLP.

1.16   "Litigation" means the action captioned *In re InterCloud Systems, Inc. Securities Litigation*, Master Docket No. 3:14-01982-PGS-DEA.

1.17   "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.18   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.   Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20   "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

- 8 -

1.21    "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

1.22    "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both:  (i) the purchase or acquisition of shares of InterCloud publicly traded common stock during the Class Period, and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Lead Plaintiff or any Class Member in the Litigation. For the avoidance of doubt, Released Claims does not include claims brought in the following derivative actions:  *Wasseem Hamdan v. Mark Munro, et al.*, Case No. 3:16-

- 9 -

cv-03706 (D.N.J.); *John Scrutchens v. Mark E. Munro, et al.*, Case No. 3:16-cv-04207 (D.N.J.); and *Michael E. Sloan v. Mark Munro, et al.*, Case No. 11878 (Delaware Chancery Court).  "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined in ¶1.30 hereof.

1.23   "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.24   "Released Persons" means each and all of the Defendants and their Related Parties.

1.25   "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.26   "Settlement Amount" means Two Million Seven Hundred Thousand Dollars ($2,700,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

- 10 -

1.27   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.28   "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of himself and the Class.

1.29   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.30   "Unknown Claims" means any and all Released Claims which Lead Plaintiff, Lead Plaintiff's Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Member, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel, or Class Members, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel, or Class Members.  With respect to any and all

- 11 -

Released Claims and Released Defendants' Claims, the Settling Parties stipulate and

agree that, upon the Effective Date, the Settling Parties shall expressly waive and each

of the Settling Parties shall be deemed to have, and by operation of the Judgment shall

have, expressly waived the provisions, rights, and benefits of California Civil Code

§1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be

deemed to have, and by operation of the Judgment shall have, expressly waived any

and all provisions, rights, and benefits conferred by any law of any state or territory of

the United States, or principle of common law, which is similar, comparable or

equivalent to California Civil Code §1542.  The Settling Parties acknowledge that

they may hereafter discover facts in addition to or different from those which he, she,

it or their counsel now knows or believes to be true with respect to the subject matter

of the Released Claims or Released Defendants' Claims, but the Settling Parties shall

expressly settle and release, and each Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and

forever settled and released any and all Released Claims and Released Defendants'

Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon

any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

  **2.**  **The Settlement**

    **a.**  **The Settlement Amount**

  2.1  In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the Releases specified in ¶4 herein, Defendants shall pay or cause to be deposited the Settlement Amount into an interest-bearing escrow account ("Escrow Account") controlled by Lead Counsel serving as Escrow Agent on or before ten (10) business days after the later of:  (i) the entry of the Preliminary Approval Order, as defined in ¶3.1 herein, and (ii) the provision to Defendants and counsel of all information necessary to effectuate a transfer of funds, including, but not limited to, the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

2.2     If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if:  (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.3     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.1 herein, Defendants shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation, and shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount.

### b.     The Escrow Agent

2.4     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement

Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.8    Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice of the Settlement to the Class by mail, publication, and other means, locating Class Members, assisting with the submission of claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow

fees and costs, if any ("Notice and Administration Expenses").  The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

   **c.** **Taxes**

  2.9 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

   (b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local

tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation,

Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

2.10   This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

### d.   Termination of Settlement

2.11   In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or

Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.8 and 2.9 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from counsel for the Defendants in accordance with ¶7.5 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, certification of the Class for settlement purposes only, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2    InterCloud shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Class, within ten (10) business days of execution of this Stipulation, transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired InterCloud publicly traded common stock during the Class Period.

- 19 -

3.3     It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

3.4     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.     Releases

4.1     Upon the Effective Date, as defined in ¶1.7 hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel.  Claims to enforce the terms of this Stipulation are not released.

## 5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Lead Plaintiff's Counsel (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

- 21 -

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4     Within one hundred-twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept

- 22 -

late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, his counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6    Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation, the extent, if any, to which each claim shall be allowed.

5.7    Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.

5.10    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund

- 24 -

after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

5.11   Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants, their Related Parties, or counsel for Defendants with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Class Members, Lead Plaintiff, and Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12   No Person shall have any claim against Defendants or their Related Parties, counsel for Defendants, Lead Plaintiff, Lead Plaintiff's Counsel or the Claims

- 25 -

Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein.

## 6.   Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1   Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. (An application for fees and expenses may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses pursuant to the Private Securities

Litigation Reform Act of 1995.)  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's Counsel, if any, in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, and such other Lead Plaintiff's Counsel and Lead Plaintiff who have received any portion of the Fee and Expense Award shall, within fifteen (15) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement

- 27 -

Fund in an amount consistent with such reversal, modification, cancellation or termination.  Any refunds required pursuant to ¶6.3 shall be the several obligation of Lead Counsel, Lead Plaintiff's Counsel, and Lead Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Counsel, Lead Plaintiff's Counsel, or Lead Plaintiff receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiff's Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund, is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

- 28 -

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.1, Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiff's Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

6.6     Defendants and their Related Parties shall have no responsibility for the allocation among Lead Plaintiff's Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.9 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4, 7.5 and 7.6 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Settlement.

7.3     Defendants shall have the right (which right must be exercised collectively) to terminate the Settlement and render it null and void in the event that Class Members who purchased or otherwise acquired more than a certain percentage of InterCloud publicly traded common shares subject to this Settlement exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiff and Defendants, by and through their counsel.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as

- 30 -

otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

7.4     If, before the Settlement becomes Final, InterCloud files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by InterCloud to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned to InterCloud out of the Escrow Account, and such amount is not promptly placed in the Escrow Account by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the Judgment, including the releases pursuant thereto, and the Settlement and this Stipulation shall terminate.

7.5     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, within fifteen (15) business days after written notification of such event is sent by counsel for the Defendants or

Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.8 and 2.9 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.8 and 2.9 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund in proportion to their respective contribution.  Such refunds shall be pursuant to written instructions from Defendants' counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this ¶7.5.  Such payments shall be pursuant to written instructions from Defendants' counsel.

7.6     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of March 26, 2017.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-30, 2.6-2.11, 6.3-6.4, 7.4-7.7, and 8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or

modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor any of his counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.9.  In addition, any amounts already incurred pursuant to ¶¶2.8 or 2.9 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.11 and 7.5 hereof.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties:   (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a

- 33 -

finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3    Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

- 34 -

release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7    This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own fees and costs.

8.8    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

1271244_2

8.9    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.11   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiff or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

- 36 -

*If to Defendants or to Defendants' Counsel:*

GREENBERG TRAURIG, LLP
TOBY S. SOLI
MetLife Building
200 Park Avenue
New York, NY  10166

8.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

8.14    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of New Jersey without giving effect to its choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 26, 2017.

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN


_____
    PETER S. PEARLMAN

Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
DOUGLAS WILENS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

- 38 -

GREENBERG TRAURIG, LLP
TOBY S. SOLI

_____
TOBY S. SOLI

MetLife Building
200 Park Avenue
New York, NY  10166
Telephone:  212/801-9200
212/801-6400 (fax)
Email:  solit@gtlaw.com

GREENBERG TRAURIG, LLP
DAVID JAY
500 Campus Drive, Suite 400
Florham Park, NJ  07932
Telephone:  973/360-7900
973/301-8410 (fax)
Email:  jayd@gtlaw.com

Counsel for Defendants
InterCloud Systems, Inc. and
Mark E. Munro

- 39 -

# EXHIBIT A

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re INTERCLOUD SYSTEMS, INC. SECURITIES LITIGATION | ) ) ) | Master Docket No. 3:14-01982-PGS-DEA |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

EXHIBIT A

WHEREAS, on July 26, 2017, the parties to the above-entitled action (the "Litigation"),  Lead Plaintiff Charles R. Gilbert, Jr. and defendants InterCloud Systems, Inc. ("InterCloud") and Mark E. Munro (the "Defendants," collectively with the Lead Plaintiff, the "Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaint on the merits and with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Parties to the Stipulation having consented to the entry of this Order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2017, that:

1.     The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members

---

[1]     The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

- 1 -

(defined in ¶2 below), subject to further consideration at the Settlement Fairness Hearing described in ¶5 below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired InterCloud publicly traded common stock between December 3, 2013 and March 27, 2014, inclusive.  Excluded from the Class are:  Defendants, the officers and directors of InterCloud during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Class Members who exclude themselves by submitting a timely and valid request for exclusion in accordance with the requirements set forth in the Notice (defined in ¶7 below).

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead and Liaison Counsel have and will fairly and adequately represent the interests of the Class; (e) the

questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is certified as the class representative.

5.     A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2017, at ___ _.m. ET (a date that is at least 100 calendar days from the date of this Order) for the following purposes:

(a)     to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

(b)     to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(c)     to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

- 3 -

(d)     to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the Parties without further notice to the Class.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.     The Court approves the form, substance and requirements of: the Notice of Proposed Settlement of Class Action (the "Notice"); the Proof of Claim and Release form (the "Proof of Claim"); and the Summary Notice (the "Summary Notice"), annexed to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶9 and 12 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process,

- 4 -

and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.    The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.

9.    Within twenty-one (21) calendar days of the entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort.  The Court is informed that InterCloud provided or caused InterCloud's transfer agent to provide to Lead Counsel the last known names and addresses of all shareholders of record during the Class Period.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased InterCloud publicly traded common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their

- 5 -

beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10.    The Escrow Agent or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

11.    Lead Counsel shall submit its papers in support of final approval of the Settlement and application for attorneys' fees and expenses, by no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing.  All reply papers in support of such motions shall be filed and served by no later than seven (7) calendar days of the Settlement Fairness Hearing.

12.    The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the

- 6 -

*Business Wire* within seven (7) calendar days of the Notice Date.  Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of the publication of the Summary Notice.

13.    In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)    A properly executed Proof of Claim, substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, online at www.InterCloudsecuritieslitigation.com no later than _____, 2017, or at the Post Office Box indicated in the Notice, postmarked not later than _____, 2017 (one hundred-twenty (120) calendar days after the Notice Date).  Such deadline may be further extended by Court order.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Lead Counsel may direct the Claims Administrator to accept late claims if they will not materially delay distribution of the Net Settlement Fund, but will not incur any liability for declining to do so.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a

- 7 -

timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court solely with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as against the Released Persons provided in the Stipulation.

14.     Any Member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund.  In all other respects, however, any such Member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Order and Final Judgment unless such Member of the Class

- 8 -

has submitted a request to be excluded from the Class in the manner required by this Order.

15.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than _____, 2017 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing), to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion are also directed to state: the date(s), price(s) and number(s) of shares of InterCloud publicly traded common stock they purchased, acquired and sold during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

17.     Objections to the Settlement, the Plan of Allocation, the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses, and any supporting papers shall be filed with the Court on or before _____, 2017 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing), and also delivered by hand or first-class mail to Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Toby S. Soli, Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, NY 10166, by that same date.  Any such objection must:  (a) clearly indicate the objector's name, mailing address, daytime telephone number, and e-mail address; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or fee and litigation expense application in *In re InterCloud Systems, Inc. Securities Litigation*, Master Docket No. 3:14-01982-PGS-DEA; (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state the number of shares of InterCloud publicly traded common stock owned as of the beginning of trading on December 3, 2013 (the first day of the Class Period); (e) list the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of InterCloud publicly traded common stock during the Class Period; and (f)

- 10 -

provide written documentation (whether from the objector's bank, broker or otherwise) of such trading.  In order to be considered, an objection also must be signed by the Class Member making the objection.  Attendance at the Settlement Fairness Hearing is not necessary.  However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by Lead Plaintiff's Counsel for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, shall be deemed a Class Member, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses.

19.     Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Released Person.

20.     Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of his/her/its own choice.  If he/she/it does not enter an appearance, he/she/it will be represented by Lead Counsel.

21.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

22.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Lead Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Order, the Plan of Allocation and/or further orders of the Court.

24. As provided in the Stipulation, the Escrow Agent may pay the Claims Administrator out of the Settlement Fund the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement without further order of the Court.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay to Defendants or their insurers the reasonable and actual costs of class notice and administration.

25. If (a) the Settlement is terminated by Defendants pursuant to ¶7.3 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the terms of ¶¶7.5 and 7.6 of the Stipulation shall apply, and this Order certifying the Class and the class representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to March 26, 2017.

1277117_2

26.     The Court retains jurisdiction over the Litigation to consider all further

matters arising out of or connected with the Settlement.

DATED: _____          _____
                                    HONORABLE PETER G. SHERIDAN
                                    UNITED STATES DISTRICT JUDGE

- 14 -

# EXHIBIT A-1

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INTERCLOUD SYSTEMS, INC. ) | Master Docket No. |
| SECURITIES LITIGATION ) |   3:14-01982-PGS-DEA |
| ) | |
| ————————————————— ) | CLASS ACTION |
| ) | |
| This Document Relates To: ) | NOTICE OF PROPOSED |
| ) | SETTLEMENT OF CLASS ACTION |
|   ALL ACTIONS. ) | |
| ) | EXHIBIT A-1 |
| ————————————————— ) | |

**TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED INTERCLOUD SYSTEMS, INC. ("INTERCLOUD" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM DECEMBER 3, 2013, THROUGH AND INCLUDING MARCH 27, 2014**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE _____.**

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court").  The purpose of this Notice is to inform you of (i) the pendency of this class action (the "Litigation") between Lead Plaintiff Charles R. Gilbert, Jr. and Defendants InterCloud and Mark E. Munro ("Defendants"); (ii) the proposed $2.7 million settlement reached therein (the "Settlement"); and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for fees, costs, and expenses (which may include Lead Plaintiff's reimbursement for his time and expenses representing the Class).  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 26, 2017 (the "Stipulation"), which is available on the website www.InterCloudsecuritieslitigation.com.

- 1 -

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked (if mailed) or received (if submitted online) on or before _____, 2017.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. **Exclusions must be postmarked on or before _____, 2017.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel for the Settling Parties on or before _____, 2017.** |
| **GO TO THE HEARING ON _____, 2017, AT _____ ET** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel for the Settling Parties on or before _____, 2017.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## <u>SUMMARY OF THIS NOTICE</u>

### <u>Statement of Class Recovery</u>

Pursuant to the Settlement described herein, a $2.7 million settlement fund has been established. Based on Lead Plaintiff's estimate of the number of shares of InterCloud common stock damaged during the Class Period, the average distribution

per share under the Plan of Allocation is roughly $0.33, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and allowable attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of InterCloud common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of InterCloud common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of InterCloud common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of InterCloud common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of InterCloud common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of InterCloud common stock at various times during the Class Period.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $200,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid

from such recovery.  In addition, as part of that application, Lead Plaintiff may seek reimbursement of his time and expenses in representing the Class in an amount not to exceed $20,000.  The requested attorneys' fees and expenses amount to an average cost of approximately $0.12 per allegedly damaged share of InterCloud common stock.  The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.

### Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-798-2028, or visit the website www.InterCloudsecuritieslitigation.com.

You may also contact representatives of counsel for the Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

### Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and likely appeals, a process that could last several years into the future.  For Defendants, who have denied and continue to deny all allegations of liability, fault or wrongdoing whatsoever in connection with this matter, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs and burdens inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. Federal Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired InterCloud common stock

- 4 -

during the period from December 3, 2013, through and including March 27, 2014 ("Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of New Jersey (the "Court"), and the case is known as *In re InterCloud Systems, Inc. Securities Litigation*, Master Docket No. 3:14-01982-PGS-DEA.  The case has been assigned to the Honorable Peter G. Sheridan.  The individual representing the Class is the "Lead Plaintiff," and the company and individual he sued, who have now settled, are called the Defendants.

| **2.** | **What is this lawsuit about?** |
|---|---|

The Litigation is pending before the Honorable Peter G. Sheridan in the United States District Court for the District of New Jersey (the "Court").  The initial complaint in this action was filed on March 28, 2014.  On November 5, 2014, the Court appointed Lead Plaintiff and Lead and Liaison Counsel.

Lead Plaintiff alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 by disseminating false and misleading analyst reports into the market concerning the Company's growth prospects, which were actually paid for by the Company, and first approved by InterCloud's management, without investors' knowledge.

On January 9, 2015, Lead Plaintiff filed his Amended Consolidated Class Action Complaint ("Amended Complaint").  Defendants filed their motion to dismiss the Amended Complaint on January 30, 2015.  Lead Plaintiff filed his Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") on February 20, 2015.  Defendants filed their motion to dismiss the Second Amended Complaint on March 13, 2015, and Lead Plaintiff filed his opposition to the motion on April 7, 2015, and Defendants filed their reply on April 21, 2015.  On October 29, 2015, the Court issued its order denying Defendants' motion to dismiss, and Defendants answered the Second Amended Complaint on December 18, 2015.

On June 1, 2016, Lead Plaintiff filed his motion for class certification; Defendants filed their opposition on August 2, 2016; and Lead Plaintiff filed his reply on September 1, 2016.  Oral argument on the motion was held on January 12, 2017.

In an effort to conserve judicial resources and attempt to settle the Litigation, the parties engaged the services of Hunter R. Hughes, Esq., a nationally recognized mediator.  The parties prepared detailed mediation statements and engaged in a full-day in-person mediation session with Mr. Hughes on December 14, 2016.  After several months of additional negotiations, these efforts culminated with the parties agreeing to settle the Litigation on June 22, 2017, for $2,700,000, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

| | |
|---|---|
| **3.** | **Why is there a settlement?** |

The Court has not decided in favor of Defendants or in favor of Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| | |
|---|---|
| **4.** | **How do I know if I am a Member of the Class?** |

The Court directed that everyone who fits this description is a Class Member: *all Persons who purchased or otherwise acquired InterCloud common stock during the period from December 3, 2013, through and including March 27, 2014*, except those Persons and entities that are excluded.

Excluded from the Class are: Defendants, the officers and directors of InterCloud during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class is any Class Member who timely and validly excludes themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2017.

- 6 -

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-798-2028, or you can fill out and return the Proof of Claim enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants and/or their insurance carrier have agreed to pay (or cause to be paid) $2.7 million in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Class Members who send in or submit a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Class Members send in or submit, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.InterCloudsecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than _____, 2017.** The Proof of Claim may be submitted online at www.InterCloudsecuritieslitigation.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2017, at _____ _.m.,** to decide whether to approve the Settlement. If the Court approves the

Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you timely and validly exclude yourself, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of shares of InterCloud publicly traded common stock during the Class Period, and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Lead Plaintiff or any Class Member in the Litigation.  For the avoidance of doubt, Released Claims does not include claims brought in the following derivative actions:  *Wasseem Hamdan v. Mark Munro, et al.*, Case No. 3:16-cv-03706 (D.N.J.); *John Scrutchens v. Mark E. Munro, et al.*, Case No. 3:16-cv-04207 (D.N.J.); and *Michael E. Sloan v. Mark Munro, et al.*, Case No. 11878 (Delaware Chancery Court).  "Released Claims" does not include claims to enforce the Settlement.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and

description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants and their Related Parties.

- "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

- "Unknown Claims" means any and all Released Claims which Lead Plaintiff, Lead Plaintiff's Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Member, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel, or Class Members, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel, or Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

- 9 -

>**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class.  This is called excluding yourself – or is sometimes referred to as "opting out."

## 11.   How do I opt out of the Class and the proposed Settlement?

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *InterCloud Securities Litigation*."  You **cannot** exclude yourself by telephone or e-mail.  Your letter must include your purchases, acquisitions, and sales of InterCloud common stock during the Class Period, including the dates, the number of shares of InterCloud common stock purchased, acquired or sold and price paid or received for each such purchase, acquisition or sale.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2017** to:

*InterCloud Securities Litigation*
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA  94901

Your exclusion request must comply with these requirements in order to be valid.  If you ask to be excluded, you will not receive any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

## 12.   If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2017.

## 13.   If I exclude myself, can I get money from the proposed Settlement?

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But, if you do exclude yourself, you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| **14.  Do I have a lawyer in this case?** |
| --- |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.  How will the lawyers be paid?** |
| --- |

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount and for expenses and costs in an amount not to exceed $200,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.  How do I tell the Court that I object to the proposed Settlement?** |
| --- |

If you are a Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application and/or Lead Plaintiff's time and expense request.  You can write to the Court setting out your comment or objection. The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *InterCloud Securities Litigation*.  Include your name, address, daytime telephone number, e-mail address and your signature, state the number of shares of InterCloud common stock you owned as of the beginning of trading on December 3, 2013 (the first day of the Class Period), identify the date(s), price(s) and number(s) of shares of InterCloud common stock you purchased, acquired and sold during the Class Period and state your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection.  You must also include copies of documents demonstrating such purchase(s), acquisition(s) and/or sale(s).  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is **received no later than _____, 2017:**

- 12 -

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court UNITED STATES DISTRICT COURT DISTRICT OF NEW  JERSEY Clarkson S. Fisher  Building  & U.S. Courthouse 402 East State Street Room 2020 Trenton, NJ  08608 | Ellen Gusikoff Stewart ROBBINS GELLER  RUDMAN & DOWD  LLP 655 West Broadway Suite 1900 San Diego, CA  92101 | Toby S. Soli GREENBERG  TRAURIG, LLP MetLife Building 200 Park Avenue New York, NY  10166 |

---

**17.    What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

---

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2017**, in the Courtroom of the Honorable Peter G. Sheridan at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also issue a ruling on Lead Counsel's application for attorneys' fees and

- 13 -

expenses (which request may include an application for reimbursement for Lead Plaintiff's time and expenses in representing the Class in an amount not to exceed $20,000).  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.InterCloudsecuritieslitigation.com beforehand to be sure that the date and/or time has not changed.

| 19.   Do I have to come to the hearing? |
| --- |

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but that is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20.   May I speak at the hearing? |
| --- |

If you object to the Settlement, the Plan of Allocation or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *InterCloud Securities Litigation*."  Persons who intend to object to the Settlement, the Plan of Allocation and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any reimbursement to Lead Plaintiff for his time and expenses representing the Class) and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be **received** no later than _____, 2017, and addressed to the Clerk of Court, Lead Counsel and Defendants' counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case, ever again.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-798-2028. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.InterCloudsecuritieslitigation.com, and may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $2.7 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit Proofs of Claim to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in InterCloud common stock during the Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel has conferred with its damages consultant.

- 15 -

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  Allowed claims will also be subjected to the statutory 90-day look-back amount provided for in the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2]

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  Furthermore, if any of the formulas set forth below yield an amount less than or equal to $0.00, the claim per share shall be $0.00.

A "claim" will be calculated as follows:

**InterCloud Systems, Inc.**
**CUSIP:  458488301**
December 3, 2013 – March 27, 2014

The allocation below is based on the following inflation per share amounts for Class Period common stock purchases and sales as well as the statutory PSLRA 90-day look-back amount of $5.61.

---

[2] Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."

- 16 -

| Inflation Period | Inflation per Share |
|---|---|
| December 3, 2013 – March 12, 2014 | $6.23 |
| March 13, 2014 – March 17, 2014 | $5.04 |
| March 18, 2014 – March 20, 2014 | $3.76 |
| March 21, 2014 – March 27, 2014 | $0.78 |

For shares of InterCloud common stock *purchased, or acquired, on or between December 3, 2013 through March 27, 2014*, and

a)      Sold on or between December 3, 2013 through March 27, 2014, the recovery per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

b)      Retained at the end of March 27, 2014 and sold on or before June 25, 2014, the recovery per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

c)      Retained at the close of trading on June 25, 2014, or sold thereafter, the recovery per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $5.61.

| Date | Price | Average Closing Price |
|---|---|---|
| 03/28/14 | $8.09 | $8.09 |
| 03/31/14 | $8.49 | $8.29 |
| 04/01/14 | $8.27 | $8.28 |
| 04/02/14 | $8.58 | $8.36 |
| 04/03/14 | $8.27 | $8.34 |
| 04/04/14 | $8.20 | $8.32 |
| 04/07/14 | $7.74 | $8.23 |
| 04/08/14 | $6.09 | $7.97 |
| 04/09/14 | $6.03 | $7.75 |
| 04/10/14 | $5.84 | $7.56 |
| 04/11/14 | $5.99 | $7.42 |
| 04/14/14 | $5.37 | $7.25 |
| 04/15/14 | $5.35 | $7.10 |

- 17 -

| | | |
|---|---|---|
| 04/16/14 | $5.27 | $6.97 |
| 04/17/14 | $5.43 | $6.87 |
| 04/21/14 | $5.04 | $6.75 |
| 04/22/14 | $4.62 | $6.63 |
| 04/23/14 | $4.14 | $6.49 |
| 04/24/14 | $4.15 | $6.37 |
| 04/25/14 | $4.37 | $6.27 |
| 04/28/14 | $4.10 | $6.16 |
| 04/29/14 | $4.14 | $6.07 |
| 04/30/14 | $4.07 | $5.98 |
| 05/01/14 | $4.25 | $5.91 |
| 05/02/14 | $4.19 | $5.84 |
| 05/05/14 | $4.05 | $5.77 |
| 05/06/14 | $4.05 | $5.71 |
| 05/07/14 | $3.66 | $5.64 |
| 05/08/14 | $3.22 | $5.55 |
| 05/09/14 | $3.11 | $5.47 |
| 05/12/14 | $3.10 | $5.40 |
| 05/13/14 | $5.06 | $5.39 |
| 05/14/14 | $4.82 | $5.37 |
| 05/15/14 | $4.77 | $5.35 |
| 05/16/14 | $5.00 | $5.34 |
| 05/19/14 | $4.69 | $5.32 |
| 05/20/14 | $4.29 | $5.29 |
| 05/21/14 | $4.48 | $5.27 |
| 05/22/14 | $4.40 | $5.25 |
| 05/23/14 | $5.11 | $5.25 |
| 05/27/14 | $4.91 | $5.24 |
| 05/28/14 | $4.94 | $5.23 |
| 05/29/14 | $5.99 | $5.25 |
| 05/30/14 | $5.73 | $5.26 |
| 06/02/14 | $5.97 | $5.28 |
| 06/03/14 | $5.64 | $5.28 |
| 06/04/14 | $5.79 | $5.29 |
| 06/05/14 | $5.89 | $5.31 |
| 06/06/14 | $6.63 | $5.33 |
| 06/09/14 | $6.51 | $5.36 |
| 06/10/14 | $6.30 | $5.38 |
| 06/11/14 | $5.95 | $5.39 |
| 06/12/14 | $6.18 | $5.40 |
| 06/13/14 | $6.95 | $5.43 |
| 06/16/14 | $6.92 | $5.46 |
| 06/17/14 | $6.78 | $5.48 |

- 18 -

| | | |
|---|---|---|
| 06/18/14 | $6.84 | $5.51 |
| 06/19/14 | $6.87 | $5.53 |
| 06/20/14 | $6.65 | $5.55 |
| 06/23/14 | $7.14 | $5.57 |
| 06/24/14 | $6.80 | $5.59 |
| 06/25/14 | $6.67 | $5.61 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  All purchase, acquisition and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise or operation of law of InterCloud common stock during the Class Period shall not be deemed a purchase or sale of InterCloud common stock for the calculation of a claimant's recognized claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.  The receipt of InterCloud common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of InterCloud common stock.

For Class Members who held InterCloud common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim.  Under the FIFO method, sales of InterCloud common stock during the Class Period will be matched, in chronological order, first against common stock held at the beginning of the Class Period.  The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all InterCloud common stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of common stock that have been matched against the InterCloud common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of

- 19 -

Allocation or the payment of any claim.  No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or other Person designated by Lead Counsel, Defendants, or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation or further orders of the Court.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Lead Plaintiff and Lead Plaintiff's Counsel, likewise, will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth above and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months of the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if economically feasible, make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to an appropriate non-sectarian, non-profit charitable organization serving the public interest selected by Lead Counsel and approved by the Court.

1282472_2

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired InterCloud common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period; or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein.  If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*InterCloud Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404021
Louisville, KY  40233-4021
www.InterCloudsecuritieslitigation.com
info@www.InterCloudsecuritieslitigation.com


DATED:  _____          BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
                                DISTRICT OF NEW JERSEY

- 21 -

# EXHIBIT A-2

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INTERCLOUD SYSTEMS, INC. ) <br> SECURITIES LITIGATION ) <br>                                ) <br> This Document Relates To: ) <br>     ALL ACTIONS. ) <br>                              ) | Master Docket No. <br>   3:14-01982-PGS-DEA <br><br> <u>CLASS ACTION</u> <br><br> PROOF OF CLAIM AND RELEASE <br><br> EXHIBIT A-2 |

1282494_2

## I.     GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *In re InterCloud Systems, Inc. Securities Litigation*, Master Docket No. 3:14-01982-PGS-DEA (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:

> *InterCloud Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404021
> Louisville, KY  40233-4021
> Online Submissions:  www.InterCloudsecuritieslitigation.com

4.      If you are NOT a Member of the Class, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

5.      If you are a Member of the Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

1282494_2

## II.   CLAIMANT IDENTIFICATION

If you purchased or acquired InterCloud Systems, Inc. ("InterCloud") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired InterCloud common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the InterCloud common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE INTERCLOUD COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by that entity, no matter

how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in InterCloud common stock during the Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in InterCloud Common Stock" to supply all required details of your transaction(s) in InterCloud common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of InterCloud common stock

- 3 -

which took place during the period December 3, 2013, through and including June 25, 2014, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the shares of InterCloud common stock you held at the close of trading on December 2, 2013, March 27, 2014 and June 25, 2014.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of InterCloud common stock.  The date of a "short sale" is deemed to be the date of sale of InterCloud common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in InterCloud common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

A purchase or sale of InterCloud common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

- 4 -

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online submission process that is available at www.InterCloudsecuritieslitigation.com.  If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

1282494_2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

*In re InterCloud Systems, Inc. Securities Litigation*

Master Docket No. 3:14-01982-PGS-DEA

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if mailed) or Received (if submitted online)
No Later Than:**

**_____, 2017**

<u>Please Type or Print</u>

PART I:     CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                      State or Province

_____        _____

Zip Code or Postal Code                        Country

_____        _____        Individual

Social Security Number or                     _____        Corporation/Other
Taxpayer Identification Number

_____    _____

Area Code            Telephone Number (work)

_____    _____

Area Code            Telephone Number (home)

- 6 -

---

Record Owner's Name (if different from beneficial owner listed above)

PART II:    SCHEDULE OF TRANSACTIONS IN INTERCLOUD COMMON

STOCK

    A.    Number of shares of InterCloud common stock held at the close of trading on December 2, 2013: _____

    B.    Purchases or acquisitions of InterCloud common stock (December 3, 2013 – June 25, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**    (i)  If any purchase listed covered a "short sale," please

mark Yes.  ☐ Yes

(ii)  If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD YYYY        _____

_____
    Merger Shares        Company

C.    Sales of InterCloud common stock (December 3, 2013 – June 25, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of InterCloud common stock held at the close of trading on March 27, 2014:  _____

E.    Number of shares of InterCloud common stock held at the close of trading on June 25, 2014:  _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE \_\_. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Class Member and for purposes of

enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other InterCloud securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of InterCloud common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.     Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties.  "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

- 9 -

2.      "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both:  (i) the purchase or acquisition of shares of InterCloud publicly traded common stock during the Class Period, and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Lead Plaintiff or any Class Member in the Litigation. For the avoidance of doubt, Released Claims does not include claims brought in the following derivative actions: *Wasseem Hamdan v. Mark Munro, et al.*, Case No. 3:16-cv-03706 (D.N.J.); *John Scrutchens v. Mark E. Munro, et al.*, Case No. 3:16-cv-04207 (D.N.J.); and *Michael E. Sloan v. Mark Munro, et al.*, Case No. 11878 (Delaware Chancery Court).  "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined below.

3.      "Unknown Claims" means any and all Released Claims which Lead Plaintiff, Lead Plaintiff's Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, any and

- 10 -

all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Member, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel, or Class Members, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel, or Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that

- 11 -

they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.     I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in InterCloud common stock

- 12 -

which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                              (Month/Year)                        (City)

_____.
          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

- 13 -

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:**

*InterCloud Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404021
Louisville, KY  40233-4021
www.InterCloudsecuritieslitigation.com

- 14 -

# EXHIBIT A-3

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re INTERCLOUD SYSTEMS, INC. )<br>SECURITIES LITIGATION ) | Master Docket No.<br>  3:14-01982-PGS-DEA |
| ————————————————— )<br> )<br>This Document Relates To: )<br> )<br>  ALL ACTIONS. )<br>————————————————— ) | CLASS ACTION<br><br>SUMMARY NOTICE<br><br>EXHIBIT A-3 |

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED INTERCLOUD SYSTEMS, INC. ("INTERCLOUD") COMMON STOCK BETWEEN DECEMBER 3, 2013, AND MARCH 27, 2014, INCLUSIVE**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of New Jersey, a hearing will be held on _____, 2017, at ___ __ ET, before the Honorable Peter G. Sheridan at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, for the purpose of determining (1) whether the proposed settlement of the action for the sum of $2,700,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated July 26, 2017; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon (which application may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995).

IF YOU PURCHASED OR ACQUIRED INTERCLOUD COMMON STOCK BETWEEN DECEMBER 3, 2013, AND MARCH 27, 2014, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THIS LITIGATION AND THE SETTLEMENT THEREOF.  If you have not received a detailed Notice of Proposed Settlement of

- 1 -

Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *InterCloud Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 404021, Louisville, KY 40233-4021, or by downloading this information at www.InterCloudsecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release online at www.InterCloudsecuritieslitigation.com by _____ 2017, or postmarked no later than _____, 2017, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to *InterCloud Securities Litigation*, Claims Administrator, EXCLUSIONS, c/o Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, CA 94901, postmarked by _____, 2017.

If you purchased or otherwise acquired InterCloud common stock during the Class Period and you desire to be excluded from the Class, you must submit a request for exclusion so that it is postmarked no later than _____, 2017, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

- 2 -

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court on or before _____, 2017, and also delivered by hand or first-class mail to:

>ROBBINS GELLER RUDMAN
>    & DOWD LLP
>ELLEN GUSIKOFF STEWART
>655 West Broadway, Suite 1900
>San Diego, CA  92101
>
>GREENBERG TRAURIG, LLP
>TOBY S. SOLI
>MetLife Building
>200 Park Avenue
>New York, NY  10166

**PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE REGARDING THIS NOTICE.**

DATED: _____          BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    DISTRICT OF NEW JERSEY

# EXHIBIT B

COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re INTERCLOUD SYSTEMS, INC. SECURITIES LITIGATION | ) ) ) | Master Docket No. 3:14-01982-PGS-DEA |
| This Document Relates To:      ALL ACTIONS. | ) ) ) ) ) ) | CLASS ACTION  [PROPOSED] ORDER AND FINAL JUDGMENT  EXHIBIT B |

On the ___ day of _____, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated July 26, 2017 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Persons, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; and (4) whether and in what amount to award Lead Plaintiff's Counsel fees and expenses and Lead Plaintiff's expenses.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired InterCloud Systems, Inc. publicly traded common stock during the period between December 3, 2013 and March 27, 2014, inclusive (the "Class Period"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the

- 1 -

hearing, substantially in the form approved by the Court, was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of _____, and the Supplemental Declaration of _____; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Plaintiff's Counsel; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiff, all Class Members, and Defendants.

2.     For purposes of Settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all Persons who purchased or otherwise acquired InterCloud publicly traded common stock between December 3, 2013 and March 27, 2014, inclusive.  Excluded from the Class are:  Defendants, the officers and directors of InterCloud during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are the individuals and/or entities who have requested exclusion from the Class by submitting a timely and valid request for exclusion as listed on Exhibit 1 annexed hereto.

4.      Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

5.      The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class.  Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

6.      The Litigation is hereby dismissed in its entirety with prejudice.

7.      The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.30 relating thereto are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.

8.      Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely opted out of the Class ("Class Releasors") are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

9.      Upon the Effective Date, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.  Lead Plaintiff and

- 4 -

each Class Member are bound by this Judgment including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

11.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a)    offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Released Persons with respect to the truth of any fact alleged by the

Lead Plaintiff or the validity of any claim that has been or could have been asserted in this Litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation, or of any liability, negligence, fault, or wrongdoing of the Released Persons;

(b)     offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Persons;

(c)     offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against the Released Persons as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their

- 6 -

claims are without merit, or that any defenses asserted by the Released Persons have any merit, or that damages recoverable under the complaint would not have exceeded the Settlement Fund.

12.     Notwithstanding the provisions of the preceding paragraph, the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $2,700,000 to the Settlement Fund.

14.     The Court finds and concludes that the Lead Plaintiff, Lead Plaintiff's Counsel, Defendants and counsel to the Defendants have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.

15.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders

- 7 -

shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

16. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

17. Jurisdiction is hereby retained over Defendants, the Lead Plaintiff and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Class.

18. In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.5-7.6 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to March 26, 2017.

19.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

21.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: _____     _____
                              HONORABLE PETER G. SHERIDAN
                              UNITED STATES DISTRICT JUDGE

- 9 -